IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-112 |
| | ) | |
| MICHAEL E. ROBINSON, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion for All Exculpatory and/or Impeachment Evidence, Including All Material Investigatory Reports and/or Statements and/or Other Material Information Favorable to Defendant [Doc. 18], filed on November 19, 2010. The parties appeared before the Court on this motion on December 8, 2010. Assistant United States Attorney Kelly A. Norris appeared on behalf of the Government. Attorney Linda Rosillo Mulligan represented Defendant Robinson, who was also present.[1] The Court heard argument on the motion and took the matter under advisement.

In his motion, the Defendant asks the Court to order the Government to disclose exculpatory statements and any impeachment evidence. In this regard, the Defendant proffers that

---

[1] Codefendant Monica Denton was also present with Attorney Kim A. Tollison, but Defendant Denton has not joined in the instant motion.

1

the Government has interviewed persons who witnessed the September 20, 2010 robbery of the Waffle House and other persons who were in the vicinity of the Waffle House at the time of the robbery. An audio recording of a citizen's call to 911 near the time of the robbery reveals that the caller believed that the police were going the wrong way and stated that he was following a vehicle, which he described, that he believed was involved in the robbery. The Defendant asks that the Government disclose the statement of this 911 caller and any other material and exculpatory information. He argues that the pretrial provision of this information furthers the interests of judicial economy, due process, and a fair trial.

At the December 8 hearing, defense counsel stated that after receiving supplemental discovery from the Government, the Defendant was only requesting the witness statements, addresses, and telephone numbers of four witnesses, whom the Government had disclosed as having reported seeing another car in vicinity of the robbery traveling in the opposite direction from the truck that contained the Defendant. She stated that the Defendant needed the witnesses' statements and contact information so that he could potentially use these witnesses to defend against the charges. AUSA Norris stated that she had provided a letter to defense counsel containing direct quotations, which were excerpted from the witness statements and which she believed could be exculpatory. She argued that this letter fulfilled the Government's obligations to disclose potentially exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963). Additionally, she contended that Brady does not require the Government to track down information, such as the witnesses' contact information, for the Defendant.

At the hearing, defense counsel responded that she wanted the contact information of these witnesses, if the Government was in possession of this information, because the Defendant

2

does not have the resources that the Government has to collect this information himself. Additionally, Attorney Mulligan stated that she needed to see the full statements of these witnesses in order to determine whether they contained other exculpatory information, particularly whether they gave a description of the handgun that did not match the gun found in the truck in which the Defendant was a passenger. AUSA Norris stated that she was not aware of any different description of the handgun but that she would review the four witness statements again to confirm that. She asserted that the Government had given the Defendant everything that is potentially exculpatory from these statements.

The Supreme Court has held that the government violates due process when it withholds from the defendant favorable evidence that is "material either to guilt or punishment." Brady, 373 U.S. at 87. The Court has entered an Order on Discovery and Scheduling [Doc. 15] in this case, in which it has ordered the Government to turn over exculpatory materials:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).

[Doc. 15, para. E.] The Government has acknowledged its duty to disclose exculpatory evidence and has provided the names of four persons from whom statements were taken and excerpts from those statements, which it deems to have exculpatory value. The question before the Court is whether the Government must turn over the entire statements of these four individuals before the trial and/or provide their contact information.

3

The Jencks Act provides that the Government does not have to provide a witness's statement until that witness testifies:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500; see also Fed. R. Crim. P. 26.2. The Sixth Circuit has upheld the government's right under this statute to withhold witness statements or reports, even those that would be favorable to the defendant's defense, until after the witness testifies: "The clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial." United States v. Presser, 844 F.2d 1275, 1283 (6th Cir. 1988).

Although the Jencks Act permits the government to wait for disclosure until after the witness testifies, the Sixth Circuit has encouraged the government to provide the information earlier in appropriate cases in order to prevent delay at trial. See United States v. Minsky, 963 F.2d 870, 876 (6th Cir. 1992). Additionally, this Court's Order on Discovery and Scheduling [Doc. 15, para. O] also encourages the early production of Jencks Act materials "as soon as possible and well before the testimony of government witnesses in order to avoid undue interruptions of trials." However, the Sixth Circuit recognizes that in some cases the government may have a substantial reason for waiting until after the witnesses testimony to disclose the Jencks material. See United States v. Algie, 667 F.2d 569, 572 (6th Cir. 1981).

In the present case, the Government has provided the witnesses' names and those

portions of the witnesses' statements that could be exculpatory. The Court finds that the Government has disclosed the potentially exculpatory information and that it now falls to defense counsel to pursue these leads. Accordingly, the Court finds that the Defendant is not entitled to receive the complete statements of these four witnesses two months before the April 5, 2011 trial. On the other hand, the Court **ORDERS** the Government to review its file to determine whether an eye witness gave a description of the handgun used in the robbery that does not match the handgun found in the truck in which the Defendant was a passenger on September 20, 2010. If such evidence exists, the Court encourages the Government to provide this excerpt to the Defendant as well.

With regard to whether the Government must disclose to the Defendant the addresses and phone numbers of the four witnesses, the Court observes that "[o]rdinarily, a defendant is not entitled to a list of the names and addresses of the government's witnesses." United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.), cert. denied, 510 U.S. 903 (1993) (citing Fed. R. Crim. P. 16). The Defendant in this case is not requesting a Government witness list, however. In United States v. Sammons, the Sixth Circuit held that "[w]hen a defendant makes a request for information concerning witness' whereabouts, the government should comply promptly, unless it asserts a privilege . . . not to do so." 918 F.2d 592, 602-03 (6th Cir.1990). The Government has not asserted such privilege in this case, nor does it claim that the provision of this information could endanger the witnesses. The Court concludes it is appropriate under the instant facts and circumstances for the United States to disclose to defense counsel the addresses and telephone numbers of the four persons listed in the earlier discovery letter, if this information is known to the Government or to any federal, state, or local law enforcement officer involved in the investigation of this case.

Accordingly, the Defendant's Motion for All Exculpatory and/or Impeachment

Evidence, Including All Material Investigatory Reports and/or Statements and/or Other Material Information Favorable to Defendant [**Doc. 18**] is **GRANTED in part** in that the Government is **ORDERED** to disclose the addresses and telephone numbers of the four witnesses at issue to defense counsel, if this information is known to the Government or to any federal, state, or local law enforcement officer associated with this case, but is **DENIED** in all other respects.

**IT IS SO ORDERED.**

ENTER:

     s/ C. Clifford Shirley, Jr.     
United States Magistrate Judge