UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MICHAEL E. ROBINSON, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:10-CR-112-TAV-CCS-1 |
| | ) | 3:13-CV-512-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 65]. The government filed a response in opposition on October 21, 2013 [Doc. 67]. Additionally, on April 18, 2016, Petitioner filed a pro se supplement challenging his enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e), in light of the Supreme Court's invalidation of that provision's residual clause in *Johnson v. United States*, 135 S. Ct. 2551 (2015) [Doc. 68]. The United States submitted an amended response in opposition to that claim [Doc. 70]. On July 7, 2016, this Court ordered additional briefing on what, if any, impact the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), has on Petitioner's categorization as an armed career criminal. The United States complied [Doc. 72], and the time for Petitioner to do the same has passed. For the reasons that follow, both Petitioner's pro se motion pursuant to 28 U.S.C. § 2255 [Doc. 65] and the Amended Petition for Collateral Relief [Doc. 68] will be denied and dismissed with prejudice.

I.  **TIMELINESS OF SUPPLEMENT**

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes

final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). Thus, Petitioner's pro se supplement falls safely within the one-year period for requesting timely *Johnson*-based relief [Doc. 68].

## II.  STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the

2

Case 3:10-cr-00112-TAV-CCS   Document 73   Filed 09/22/16   Page 2 of 8   PageID #: 526

proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

**III.    ANALYSIS**

With regard to the initial § 2255 Motion, Petitioner states two issues that are really one issue.  He claims that his sentence was improper because he was sentenced as an armed career criminal under the Armed Career Criminal Act ("ACCA"), based on his prior convictions, and the Court did so relying on judicial fact findings that were not alleged in the Indictment nor submitted to the Grand Jury or the trial jury [Doc. 165 pp. 3–4].  Petitioner alleges ineffective assistance of counsel for not raising the above issues at sentencing.  It bears noting that Petitioner alleged on appeal that his prior convictions should not have triggered the ACCA, but the Sixth Circuit Court of Appeals rejected his arguments in their opinion on December 17, 2012. However, Petitioner relies on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which was decided after his sentence and appeal.  Petitioner alleges *Alleyne* should be applied retroactively and provides that "any facts that increase the prescribed range of penalties to which a criminal defendant is exposed are elements of the crime and the Sixth Amendment provides the right to have a jury find those facts beyond a reasonable doubt" [Doc. 65 p. 5].  Petitioner argues this includes his prior convictions.

However, Petitioner's argument fails for several reasons.  First, *Alleyne* does not apply retroactively to cases on collateral review.  *In re Mazzio*, 756 F.3d 487, 488 (6th Cir. 2014) ("any new rule announced in *Alleyne* has not been made retroactive to cases on collateral review by the Supreme Court"); s*ee also Myrick v. United States*, No. 4:11-CR-13, 2015 WL 5514681, *2 (E.D. Tenn. Sept. 16, 2015).

Second, prior convictions are essentially excluded from the "facts" referenced in *Alleyne* and specifically remain an appropriate subject for judicial fact finding at sentencing. 133 S. Ct. at 2160 n.1. Thus, even if *Alleyne* could be applied retroactively it would not benefit Petitioner because Petitioner's arguments are unavailing and the allegation of ineffective assistance of counsel for not raising them must fail in that failure of counsel to have predicated or anticipated *Alleyne* could not be considered ineffective assistance of counsel. *Thompson v. Warden*, 598 F.3d 281, 288 (6th Cir. 2010).

The supplement contains a single ground of collateral attack, arguing *Johnson* removed an unspecified number of Petitioner's prior convictions from § 924(e)'s definition of "violent felony" and, as a result, that Petitioner can no longer be properly classified as an armed career criminal subject to the ACCA's enhanced mandatory minimum sentence [Doc. 68].

### A. Categorization as Career Offender after *Johnson v. United States*

The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Act goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents

4

a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). Only the third portion of the above definition—the residual clause—was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015). Nor does *Johnson* disrupt the use of a defendant's prior serious drug offenses as an independent form of ACCA predicate conviction. *See, e.g.*, *United States v. Smith*, No. 10-CR-20058, 2015 WL 5719114, at *13 (E.D. Mich. Sept. 30, 2015) (noting that *Johnson* does not affect a defendant's categorization as an armed career criminal based on his or her prior serious drug offenses).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in alternative, "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the now-defunct residual clause). To determine whether a particular offense qualifies as a violent felony under any of the prongs of the above definition, courts must first identify the precise crime of conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). They do so by employing a "categorical approach," under which it looks "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283.

5

The Court finds that at least four of Petitioner's prior convictions—the 1983 Tennessee conviction for second-degree burglary, the 1986 Tennessee conviction for first-degree burglary, the 1993 Tennessee conviction for sale of cocaine, and the 2000 Tennessee conviction for robbery [PSR ¶¶ 29, 40–42, 47–48]—categorically qualify as predicate offenses independent of the now-defunct residual clause. Thus, Petitioner has failed to establish an entitlement to relief.

Petitioner's prior conviction for sale of cocaine—a Class B felony under Tenn. Code Ann. §§ 39-17-417(a)(3), (b) (1993)—involved the possession of a controlled substance with intent to distribute and carried a maximum penalty of thirty years' imprisonment under Tenn. Code Ann. § 40-35-111(b)(2) (1993), a duration well in excess of ten years required to qualify as a serious drug offense under § 924(e). *See James v. United States*, 217 F. App'x 431, 440 (6th Cir. 2007) (finding sale of schedule II controlled substance in violation of Tenn. Code Ann. § 39-1-417(a) qualified as a serious drug offense under the ACCA); *Benson v. United States*, No. 3:02-cv-392, 2006 WL 840411, at *5 (E.D. Tenn. Mar. 29, 2006) (finding possession of cocaine for resale, a Class B felony, constituted a serious drug offense, ACCA predicate conviction). Because the predicate conviction qualifies as a "serious drug offense" under § 924(e)(2)(A)(ii), it is unaffected by *Johnson*.

Petitioner's prior conviction for robbery—defined by Tennessee law as the "intentional or knowing theft of property from the person of another by violence or putting the person in fear," Tenn. Code Ann. § 39-13-401(a) (2000)—categorically qualifies as a violent felony under the ACCA's use-of-physical force clause. *See, e.g.*, *United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) ("[T]he Supreme Court's holding in Johnson leaves unaffected this Court's determination that simple robbery in Tennessee is a predicate offense under the 'use-of-physical-force' clause."); *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (holding that

6

all forms of Tennessee robbery are categorically violent felonies under the ACCA's use-of-physical-force clause). Again, the predicate conviction is unaffected by *Johnson*.

Finally, Petitioner's prior burglary convictions categorically qualify as violent felonies under the ACCA's enumerate-offense clause. For purposes of § 924(e), the Supreme Court has defined "burglary" as any conviction, "regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). At the time of Petitioner's conviction, Tennessee defined first degree burglary as "the breaking and entering into a dwelling house or any house, building, room or rooms therein used and occupied by any person or person as a dwelling place or lodging . . . by night, with intent to commit a felony." Tenn. Code Ann. § 39-3-401 (1982). Second degree burglary was similarly defined as "the breaking and entering into a dwelling house or any house, building, room or rooms therein used and occupied by any person or persons as a dwelling place or lodging . . . by day, with intent to commit a felony." Tenn. Code Ann. § 39-3-403. Both offenses—the 1983 second-degree burglary and 1986 first-degree burglary—perfectly correspond with *Taylor*'s definition of generic burglary and thus categorically qualify as violent felonies under the enumerated offense clause. *See, e.g.*, *United States v. Jones*, 673 F.3d 497, 505 (6th Cir. 2012) (holding that pre-1989 Tennessee second-degree burglary categorically qualifies as generic burglary and is, thus, a violent felony under the enumerated-offense clause); *Smith v. United States*, No. 3:05-cr-74, 2016 WL 3349298, at *6 (E.D. Tenn. June 15, 2016) (finding, post-*Johnson*, that first-degree

7

burglary constituted an ACCA predicate and that the only difference between first-and-second-degree burglary is that one occurred by night and the other by day).[1]  *Johnson* is inapposite.

## IV.  CONCLUSION

For the reasons discussed above, Petitioner's Pro Se Motion pursuant to 28 U.S.C. § 2255 [Doc. 65] and Amended Petition for Collateral Relief [Doc. 68] will be **DENIED**.  The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.  *See* Fed. R. App. P. 24.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).  The Clerk of Court will be **DIRECTED** to **CLOSE** case no. 3:13-CV-512.

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In *Mathis*, the Supreme Court held that a prior conviction cannot qualify as a generic form of a predicate violent felony if a locational element of that crime is made broader than an element of the generic offense by way of an enumerated list of alternative factual means for satisfaction of the former.  Unlike the Iowa statute at issue in *Mathis*, however, the Tennessee statutes at issue here do not contain any "alternate ways of satisfying a single locational element" that fall outside *Taylor*'s definition of generic burglary.  Rather, the phrase "dwelling house or any house, building, room or rooms therein" necessarily aligns with generic burglary's elemental requirement that the breaking or entering be of a "building or structure," as opposed to a boat or motor vehicle. As such, *Mathis* has no impact on the Court's ability to categorize pre-1989 first-and-second-degree burglary convictions as violent felonies under the enumerated-offense clause.