UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:10-CR-112-TAV-CCS-1 |
| MICHAEL E. ROBINSON, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant has moved for relief from his sentence under *United States v. Davis*, 139 S. Ct. 2319 (2019) [Doc. 84].[1] Because the court finds that defendant's pro se motion is an unauthorized second or successive motion under 28 U.S.C. § 2255, it will **TRANSFER** his motion to the Sixth Circuit Court of Appeals.

Defendant pleaded guilty to using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), and being a previously-convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) [Docs. 41, 47]. As part of his plea agreement, he "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255," with the exception of claims asserting ineffective assistance of counsel or prosecutorial misconduct unknown to him at the time of sentencing [Doc. 41 ¶ 11(b)].

---

[1] All docket citations refer to the criminal case, No. 3:10-CR-112-1, unless otherwise indicated.

Defendant was sentenced to 264 months' imprisonment in August 2011 [Doc. 53]. Defendant appealed, but the Sixth Circuit affirmed his sentence [Docs. 63, 64].

In August 2013, defendant filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 65], which the Court denied and dismissed with prejudice [Docs. 73, 74]. It also directed the Clerk of Court to close defendant's related civil case, No. 3:13-cv-512 [*Id.*].

In the instant motion for a sentence reduction [Doc. 84], defendant challenges his sentence once again, this time by suggesting that *United States v. Davis* applies to invalidate his conviction of a violation of 18 U.S.C. § 924(c).

Under the Antiterrorism and Effective Death Penalty Act of 1996, a district court may not consider a "second or successive motion" collaterally attacking a defendant's federal sentence until the appellate court, as provided in 28 U.S.C. § 2244, certifies that the motion satisfies the requirements of § 2255(h). § 2255(h); *see also* § 2244(b)(3)(A). If a defendant fails to obtain authorization before filing such a motion in the district court, the district court must transfer the motion to the appellate court under § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

However, the district court must first determine that a subsequent petition is indeed "second or successive." *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012). The definition of a second or successive motion within the meaning of § 2244(b) remains somewhat hazy. *See Askew v. Bradshaw*, 636 F. App'x 342, 346 (6th Cir. 2016) (noting that AEDPA does not define the term and citing *Slack v. McDaniel*, 529 U.S. 473, 486

2

(2000), for its characterization of "second or successive" as a "term of art"). But, the Supreme Court has indicated that a second or successive § 2255 motion is one that raises new "claims" after a defendant has already litigated and lost a § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (holding that "for purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims'"); *In re Nailor*, 487 F.3d 1018, 1022–23 (6th Cir. 2007) (holding that the reasoning in *Gonzalez* applies to § 2255 proceedings, and that "a Rule 60(b) motion should be considered a § 2255 motion to vacate, set aside, or correct the sentence 'if it attacks the federal court's previous resolution of a claim *on the merits*'" or if it "attempts 'to add a new ground for relief'" (quoting *Gonzalez*, 545 U.S. at 532)); *see also In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006) ("[C]ourts defining 'second or successive' generally apply abuse of the writ decisions, including those decisions that predated AEDPA. . . . Under the abuse of the writ doctrine, a numerically second petition is 'second' when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect."). Section 2255(h) provides that one such new claim might rest on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Here, defendant's motion does not cite § 2255, but it "attempts 'to add a new ground for relief'" from his sentence and thus is properly construed as a second or successive § 2255 motion. In his original § 2255 motion, defendant argued he was improperly sentenced as an armed career criminal under the Armed Career Criminal Act

3

("ACCA") based on his prior convictions, and he contended the Court categorized him as an armed career criminal by relying on judicial fact-findings that were not alleged in the indictment or submitted to the grand jury or the trial jury [Doc. 73 p. 3].  In his supplement to his § 2255 motion, which the Court considered together with his § 2255 motion, defendant argued *Johnson v. United States*, 135 S. Ct. 2551 (2015), applied to invalidate his classification as an armed career criminal [*Id.* at 4].  In the instant motion, defendant contends that after the Supreme Court's 2019 decision in *United States v. Davis*, his § 924(c) conviction is invalid apparently because the predicate upon which it rests was valid only under the residual clause.  Because defendant's letter presents a ground for relief from his sentence that he did not raise in his previous § 2255 or its supplement, the letter presents a new "claim[]" and accordingly qualifies as a second or successive § 2255 motion.

Although defendant's letter represents a second or successive motion to vacate under § 2255, the Court has not received authorization from the Sixth Circuit Court to consider it.  Accordingly, the Clerk is **DIRECTED** to **TRANSFER** defendant's motion for a sentence reduction [Doc. 84] to the Sixth Circuit pursuant to 28 U.S.C. § 1631.

    IT IS SO ORDERED.

                                            s/ Thomas A. Varlan
                                            UNITED STATES DISTRICT JUDGE