UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MICHAEL E. ROBINSON, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:22-CV-153-TAV-DCP |
| | ) | 3:10-CR-112-TAV-DCP-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner has filed a pro se motion seeking relief from his sentence on grounds that certain of his prior convictions are not predicate offenses under the Armed Career Criminal Act [Doc. 89].[1] Because the Court finds that petitioner's motion is an unauthorized second or successive motion under 28 U.S.C. § 2255, it will **TRANSFER** his motion to the Sixth Circuit Court of Appeals.

Petitioner pled guilty to using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and being a previously-convicted felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) [Doc. 41 ¶ 1]. As part of his plea agreement, petitioner "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255" with exceptions not applicable here [*Id.* ¶ 11]. The Court sentenced

---

[1] All citations refer to petitioner's criminal case.

petitioner to an aggregate term of imprisonment of 264 months in August 2011 [Doc. 53]. The Sixth Circuit affirmed the Court's judgment [Doc. 63].

In August 2013, petitioner filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, in part arguing he was improperly sentenced as an armed career criminal [Docs. 65, 68]. The Court denied that motion [Doc. 73]. In May 2020, petitioner filed another motion pursuant to § 2255 challenging his § 924(c) conviction in light of *United States v. Davis*, 139 S. Ct. 2319 (2019) [Doc. 84]. The Court found that petitioner's second motion qualified as a "second or successive" motion collaterally attacking his sentence and therefore transferred the motion to the Sixth Circuit for a determination as to whether petitioner had authority to file his motion [Doc. 86]. Finding that *Davis* offered petitioner no relief, the Sixth Circuit denied petitioner authorization to file a second or successive motion [Doc. 88]. In petitioner's instant § 2255 motion, petitioner again argues he is not an armed career criminal [Doc. 89].

Under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), a district court may not consider a "second or successive motion" collaterally attacking a petitioner's federal sentence until the appellate court, as provided in 28 U.S.C. § 2244, certifies that the motion satisfies the requirements of § 2255(h). 28 U.S.C. § 2255(h); *see also id.* § 2244(b)(3)(A). If a petitioner fails to obtain authorization before filing such a motion in the district court, the district court must transfer the motion to the appellate court under 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

However, the district court must first determine that a subsequent motion is indeed "second or successive." *See In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012). The definition of "second or successive" remains somewhat hazy. *See Askew v. Bradshaw*, 636 F. App'x 342, 346 (6th Cir. 2016) (noting that the AEDPA does not define the term and citing *Slack v. McDaniel*, 529 U.S. 473, 486 (2000), for its characterization of "second or successive" as a "term of art"). But it is clear that a § 2255 motion is "second or successive" if it repeats claims raised in the initial § 2255 motion or raises new claims after the petitioner has already litigated and lost a § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) ("[F]or purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims'"); *Nailor v. United States* (*In re Nailor*), 487 F.3d 1018, 1022 (6th Cir. 2007) (holding that the reasoning in *Gonzalez* applies to § 2255 proceedings, and that "a Rule 60(b) motion should be considered a § 2255 motion to vacate, set aside, or correct the sentence 'if it attacks the federal court's previous resolution of a claim *on the merits*'" or if it "attempts 'to add a new ground for relief'" (quoting *Gonzalez*, 545 U.S. at 532)); *see also Allen v. Mitchell*, 757 F. App'x 482, 484 (6th Cir. 2018) ("The circumstances in which a second-filed petition [that challenges the same judgment as the first petition] does *not* count as 'second or successive' concern when a ground for relief in [the second] petition was in fact raised in the first petition but not decided on the merits." (emphasis added)); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006) ("[C]ourts defining 'second or successive' generally apply abuse of the writ decisions, including those decisions that predated

AEDPA. . . . Under the abuse of the writ doctrine, a numerically second petition is 'second' when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." (citations omitted)). Section 2255(h) provides that one such new claim might rest on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

The Court finds petitioner's instant motion is successive. Because petitioner is again challenging his status as an armed career criminal, he is raising a similar if not the same claim that he raised in his first § 2255 motion. To the extent petitioner is attempting to raise a new claim, he offers and the Court finds no reason that he could not have presented his claim sooner.

Although petitioner's instant motion is a successive § 2255 motion, the Court has not received authorization from the Sixth Circuit to consider it. Accordingly, the Clerk will be **DIRECTED** to **TRANSFER** petitioner's motion [Doc. 89] to the Sixth Circuit pursuant to 28 U.S.C. § 1631.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE